UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION


John W. Gold,                      Case No. 3:15 cv 2001

    Plaintiff

v.                      MEMORANDUM OPINION

City of Sandusky, et al.,

    Defendants


This matter comes before me on the Defendants' motions to dismiss (Doc. Nos. 6 and 7), Plaintiff's opposition (Doc. No. 9), and Defendants' replies (Doc. Nos. 11 and 12). For the reasons that follow, the Defendants' motions are denied.

### BRIEF BACKGROUND

The introduction section of Plaintiff's complaint sets the scene as follows:

> The Plaintiff was arrested by the City of Sandusky police on or about September 26, 2014, on suspicion of operating a motor vehicle while under the influence of alcohol. The arresting officers, Lester Peters, Officer Gilliam, and Kyle Dumond, transported Mr. Gold to Firelands Regional Medical Center (FRMC). There one or more of the officers directed an emergency department physician, Defendant Dr. Patrick Tupa, D.O., to restrain Mr. Gold, and to obtain urine from Mr. Gold through a forced catheterization procedure. Prior to the insertion of the catheter, Mr. Gold explicitly instructed the physician and all staff involved at FRMC that Mr. Gold did not give consent to insert a catheter into him, and directed FRMC staff not to proceed. FRMC personnel did not heed Mr. Gold's admonition, and obtained urine from him forcibly.
>
> Subsequently, the City of Sandusky, either through the Police Department, or the Office of the Prosecutor, obtained the Plaintiff's medical records through direct action toward FRMC, without obtaining, or attempting to obtain, either a warrant, or the Plaintiff's consent.
>
> Mr. Gold brings this action to enjoin permanently the City of Sandusky and its police officers from attempting to obtain evidence of suspected intoxication

through forced catheterization in the future. He also seeks an injunction applicable to FRMC, that none of its physicians or medical staff perform any forced catheterization at the direction of any City official purporting to act under color of law. Finally, Mr. Gold seeks compensatory damages in an amount sufficient to make him whole, as well as attorney fees and costs of this action.

(Doc. No. 1 at p. 2).

Gold instituted this action against the City of Sandusky, John Orzech, and Phil Frost, c/o Division of Police, or Prosecutor; Officers Lester A. Peters, Kyle Dumond, and Officer Gillam c/o Division of Police; Firelands Regional Medical Center and Dr. Patrick M. Tupa, D.O. and Thomas Manuguerra, R.N., ER Doc Inc., and arresting officers 1-4 c/o Division of Police.

The complaint states three causes of action: (1) claims against all Defendants pursuant to 42 U.S.C. § 1983 for violations of Gold's Fourth, Fifth, and Fourteenth Amendments under the U.S. Constitution as well as his rights under the Ohio Constitution; (2) a *Monell*[1] claim against the City of Sandusky; and (3) a claim of battery against Defendants Tupa, Manuguerra, and other employees of Firelands Regional Medical Center.

Defendants Firelands Regional Medical Center and Thomas Manuguerra move for dismissal on the basis the complaint does not contain the necessary allegations to state a claim under 42 U.S.C. § 1983. They also request dismissal on the medical negligence allegations as there is no expert Affidavit of Merit as required by Ohio Civ. R. P. 10(D)(2). Defendants ER Doc., Inc. and Dr. Tupa also seek dismissal pursuant to Fed. R. Civ. P. 12(b)(6) for failure to comply with Ohio Rule of Civil Procedure 10(D)(2).

### STANDARD

Fed.R.Civ.P. 12(b)(6) provides for dismissal of a lawsuit for "failure to state a claim upon which relief can be granted." Courts must accept as true all of the factual allegations contained in

---

[1] *Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978).

2

the complaint when ruling on a motion to dismiss. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Thurman v. Pfizer, Inc.*, 484 F.3d 855, 859 (6th Cir. 2007). To survive a motion to dismiss under Rule 12(b)(6), "even though a complaint need not contain 'detailed' factual allegations, its 'factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true.'" *Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice. *Twombly*, 550 U.S. at 555 (stating that the complaint must contain something more than "a formulaic recitation of the elements of a cause of action"). A complaint must state sufficient facts to, when accepted as true, state a claim "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that the plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully" and requires the complaint to allow the court to draw the reasonable inference that the defendant is liable for the alleged misconduct).

In conjunction with this standard, the Court is cognizant that Fed. R. Civ. P. 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.' Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. at 93 (*citing Twombly*, 550 U.S. at 596); *see also Sensations, Inc. v. City of Grand Rapids,* 526 F.3d 291, 295-96 (6th Cir 2008).

**ANALYSIS**

**42 U.S.C. § 1983**

Defendants Firelands Regional Medical Center and Thomas Manuguerra, RN challenge the sufficiency of the claims against them asserted pursuant to 42 U.S.C. § 1983. Specifically, these Defendants contend they cannot be "held liable for any alleged infringement of Mr. Gold's rights

3

because Nurse Manuguerra did not act, or fail to act, in a manner that suggested deliberate indifference to Mr. Gold's medical situation."

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege (1) deprivation of a right, privilege, or immunity, under the United States Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. *Harbin-Bey v. Rutter*, 420 F.3d 571, 575 (6th Cir. 2005).

In this case, the Plaintiff alleges the violation of his rights under the Fourth, Fifth, and Fourteenth Amendments to the Constitution as stated in his first cause of action:

> 28. As a result of the Defendants' conduct described above, the Plaintiff's Fourth, Fifth, and Fourteenth Amendment right [sic] to be free from unreasonable search and seizure was violated.
>
> 29. As a result of the Defendants' conduct described above, Plaintiff's Fifth and Fourteenth Amendment rights against deprivation of property without due process of law were violated.
>
> 30. At 42 U.S.C. § 1983, the law of the United States authorizes civil suit against persons acting under color of law, like the Defendants herein.
>
> 31. The Plaintiff's rights violated by the Defendants as stated herein were clearly established by law, such that no reasonable official would have been unaware of such rights.
>
> 32. All conduct of all Defendants described herein was engaged in intentionally, with actual knowledge that said violations of the Plaintiff's rights were caused, or with wanton or reckless disregard for said rights of the Plaintiff.
>
> 33. Defendants also violated rights guaranteed unto the Plaintiff under the Constitution of the State of Ohio, and enforceable as set forth in Ohio R.C. § 2744 and 2745, et seq.
>
> 34. The conduct described above is tortious under Ohio law, and comprises without limitation the torts of battery, and invasion of privacy, both at the FRMC ED, and through the warrantless and unauthorized publication of the Plaintiff's medical records.
>
> 35. By forwarding medical records without consent, and without being subject to a warrant, the FRMC Defendants violated the Defendant's right to be secure in his property, and deprived him of such right without due process of law.
>
> 36. As direct and proximate result of Defendants' unlawful action, Plaintiff has suffered, and will continue to suffer, damages including, physical, mental and

>emotional injury and pain, mental anguish, suffering, humiliation and embarrassment which shall continue for the foreseeable future.

(Doc. No. 1 at pp. 6-7).

While the Defendants' arguments are aimed at the insufficiency of claims sounding in deliberate indifference, the complaint does not contain any such allegations nor does Plaintiff invoke Eighth Amendment violations. Therefore, to the extent the Defendants seek dismissal on claims which have not been alleged, their motion and the arguments therein are misplaced. Accordingly this branch of Defendants' motion to dismiss is denied.

**Affidavit of Merit**

Defendants ER Doc, Inc., Dr. Tupa, Firelands Regional Medical Center, and Thomas Manuguerra request dismissal because of Plaintiff's failure to include an affidavit of merit pursuant to Ohio Civ. R. 10(D)(2). Both groups of Defendants characterize the claims alleging medical negligence and medical battery as constituting a medical claim and requiring the expert affidavit of merit as required by Ohio's procedural rules. The Defendants argue that requiring the affidavit of merit must be applied as a substantive rule because it is outcome-determinative. I disagree.

I previously considered this issue in *Muncy v. Siefker*, 2013 WL 1284233 (N.D. Ohio). In that case, I examined many of the same cases cited by the Defendants herein. In making this determination, I considered the Supreme Court of Ohio's decision in *Fletcher v. Univ. Hosps. Of Cleveland*, 129 Ohio St.3d 167, 897 N.E.2d 147 (2008) and stated as follows:

>It is true the Supreme Court of Ohio states Civ.R. 10(D)(2) is motivated by "important policy considerations warranting a limitation on the number of claims" alleging medical malpractice. *Fletcher*, 897 N.E.2d at 150. It seems clear, however, that the Affidavit of Merit requirement plays a gate-keeping function for Ohio courts. The rule was implemented by the Supreme Court of Ohio and is not part of a larger legislative scheme designed to address or rectify potential abuse of the court system by medical malpractice claimants. The Supreme Court of Ohio states "[t]he rule is designed to ease the burden on the dockets of Ohio's courts," and "the very

5

> purpose of Civ.R. 10(D)(2) is to place a heightened pleading requirement on parties bringing medical claims." *Id.* Ohio Civ.R. 10(D)(2) "goes directly to the sufficiency of the complaint" and does not affect "the merits of [the] claim, . . . [as] a dismissal for failure to comply with Civ.R. 10(D)(2) is without prejudice." *Id.* at 150-51. The Supreme Court of Ohio selected Ohio Civ.R. 12(B)(6) as the proper course because "such a motion is a procedural tool" – one that reveals procedural deficiencies. *Id.* at 150 (*citing Hanson v. Guernsey Cnty. Bd. of Comm'rs*, 605 N.E.2d 378, 381 (Ohio 1992)).
>
> In *Daniel*, *Nicholson*, *Perotti*, and *Bierbauer*, the courts appear to assume Ohio Civ.R. 10(D)(2) is substantive because a failure to comply with the rule leads to dismissal of the complaint under *Fletcher*. *See Daniel*, 716 F. Supp.2d at 698 ("Failure to attach an affidavit of merit results in dismissal. The requirement to attach one, therefore, must be substantive."); *see also Nicholson*, 2009 WL 700768, at *4-5; *Perotti*, 2009 WL 723230, at *10; *Bierbauer*, 2010 WL 4008835, at *10. As the Supreme Court of Ohio noted in *Fletcher* and *Troyer*, however, a dismissal for failure to comply with Ohio Civ.R. 10(D)(2) "is not based on the merits of the case . . . ." *Troyer v. Janis*, 971 N.E.2d 862, 864 (Ohio 2012); *see also Fletcher*, 897 N.E.2d at 151 ("the dismissal was not on the merits of [the plaintiff's] claim"). Such a dismissal has no effect on the end result of a claim because a plaintiff may simply refile the complaint within the state statute of limitations period. *See Troyer*, 971 N.E.2d at 865 (rejecting defendants' argument that plaintiffs should have appealed the earlier dismissal for failure to comply with Ohio Civ.R. 10(D)(2) and noting the re-filing "approach has the additional advantage of avoiding the delay engendered by <u>yet another unnecessary procedural hurdle</u>." (emphasis added)).

*Muncy*, 2013 WL 1284233 at *7.

In considering the conflict between the Ohio Rule and the Federal Rules, I determined "Ohio Civ. R. 10(D)(2) states a procedural rule of law that does not apply in this case as a result of a direct conflict with the Federal Civil Rules," *Id.* at *7, and that "Rule 8 is a legitimate exercise of Congress's power over federal procedure through the Rules Enabling Act and therefore the requirements of the state rule do not apply in this case." *Id.* at *8.

Other courts in this district considering this issue after *Shady Grove Orthopeodic Assocs. v. Allstate Ins. Co.*, 559 U.S. 393 (2010), have also come to the same conclusion. *Beair v. Ohio Department of Rehabilitation*, 156 F.Supp.3d 898, 906 (N.D.Ohio 2016) (Carr, J.); *Larca v. United States*, 302 F.R.D. 148, 157-161 (N.D. Ohio 2014) (Lioi, J.); *Thompson v. United States*, 2013 WL 3480347 at *3-*5 (N.D. Ohio) (Gwin, J.)

Therefore, the Defendants' arguments on the failure to comply with Ohio Civil Rule 10(D)(2) are, in this case, without merit.

## CONCLUSION

For the reasons stated above, the Defendants' motions to dismiss (Doc. Nos. 6 and 7) are denied.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge
